# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-338V
Filed: October 23, 2015
Not for Publication

```
************************************
SAMANTHA JENNEY,                  *
                                  *
             Petitioner,          *
                                  *      Attorneys' fees and costs decision;
  v.                              *      overstaffing
                                  *
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
             Respondent.          *
                                  *
************************************
```

Ronald C. Homer, Boston, MA, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 23, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10¬34 (2012) ("Vaccine Act"), alleging that she suffered an injection-related shoulder injury as a result of her receipt of the Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccination on July 21, 2011. Respondent filed a proffer on award of compensation on April 10, 2015, and the undersigned issued a decision pursuant to that proffer, awarding petitioner $155,963.04 in compensation on April 13, 2015.

On August 28, 2015, petitioner filed an application for attorneys' fees and costs, requesting $28,486.70 in attorneys' fees and $8,974.82 in attorneys' costs. On October 5, 2015, respondent

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

filed a response to petitioner's motion for attorneys' fees and costs. Although respondent raised an objection to the hourly rates requested by petitioners' counsel in this case[2], she declined in light of the decision in McCulloch v. Secretary of Health and Human Services, No. 09-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), to further litigate that issue and instead "respectfully defers to the special master's statutory discretion in determining a reasonable fee award for this case." Resp't's Response, at 2. On October 16, 2015, petitioner filed an amended motion for attorneys' fees and costs adjusting the amount asked for in consideration of the McCulloch decision. Petitioner now asks for $37,731.85 in attorneys' fees and costs. On October 22, 2015, respondent notified the undersigned's law clerk that she does not wish to file a response to petitioner's amended motion.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

For the same reasons given in Tomlinson, the undersigned reduces the amount of fees awarded to petitioners' counsel for the review work done by Attorney Ronald Homer. Tomlinson v. Sec'y of HHS, No. 13-736V, issued October 23, 2015, at 6-7. Mr. Homer billed $1,440.00 for his work on this case. The undersigned has reviewed the billings submitted by petitioner's counsel, and finds that roughly 85% of the work done by Mr. Homer on this case was review work. Therefore, she will reduce 85% of Mr. Homer's time, or $1,224.00, by 25%, the percentage difference between Mr. Homer's hourly rate and the hourly rate of Christine Ciampolillo, the attorney most closely involved in the case. **Therefore, the undersigned reduces petitioner's fees by $311.00.**

The undersigned finds an award of attorneys' fees and costs appropriate. In sum, the undersigned awards petitioner the following amount for attorneys' fees and costs:

| | |
|---|---|
| Requested Attorneys' Fees: | $28,729.70 |
| Reductions: | $311.00 |
| Attorneys' Fees Awarded: | **$28,418.70** |
| | |
| Requested Attorneys' Costs: | $8,992.15 |

---

[2] Respondent indicated that she stands by the arguments and evidence she put forth in Tomlinson v. Secretary of Health and Human Services, 13-736V, pertaining to the appropriate hourly rates for petitioner's counsel.

| | |
|---|---|
| Reductions: | $0.00 |
| Attorneys' Costs Awarded: | **$8,992.15** |
| | |
| Attorneys' Fees & Costs Awarded: | **$37,410.85** |

**Accordingly, the court awards $37,410.85**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer *&* Chin-Caplan in the amount of **$37,410.85**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: October 23, 2015

/s/ Laura D. Millman
Laura D. Millman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.