# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1546V
### Filed: June 10, 2019
UNPUBLISHED

|  |  |
|---|---|
| TIMOTHY BIERY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 17, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of his October 11, 2016 influenza ("flu") vaccination. Petition at 1. On February 14, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 32.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 8, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 36. Petitioner requests attorneys' fees in the amount of $30,322.30 and attorneys' costs in the amount of $1,553.27. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 36-3. Thus, the total amount requested is $31,875.57.

On April 22, 2019, respondent filed a response to petitioner's motion. ECF No. 38. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorneys' Fees

### A. Hourly Rates

#### i. Michael G. McLaren

Petitioner requests the following rates for attorney Michael G. McLaren: $425 for work performed in 2016, $440 for work performed in 2017, $456 for work performed in 2018 and $473.00 for work performed in 2019. ECF No. 36-2 at 20. For the 2016 – 2018 hourly rates these rates have been previously awarded to Mr. McLaren and the undersigned awards them herein. Regarding the requested 2019 hourly rate of $473, this amount exceeds Mr. McLarens' experience range of attorneys with over 31 years' experience.[3] The undersigned will award an increase, however reduces the requested rate to $464 per hour. This results in a reduction in the amount of **$3.60**.[4]

#### ii. Law Clerk Rates

Petitioner requests compensation for the law clerks of Black McLaren Jones Ryland & Griffee at the following rates: $148 per hour for work performed in 2017, $153 per hour for work performed in 2018 and $159 per hour for work performed in 2019. ECF No. 36-2 at 20. The rates for 2017 and 2018 have been previously awarded and are awarded herein. As to the requested rate for 2019, this rate exceeds the range for law clerks on the OSM Fee Schedule. The undersigned reduces the rate for the law clerks to $156 per hour. This reduces the request for attorneys' fees by **$6.90**.[5]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Billing records show 6.2 hours billed on tasks that are considered administrative including, scanning, organizing and saving documents, downloading documents from CMECF docket and paying invoices. Examples of these entries include:

- May 23, 2017 (0.10 hrs) "Work on scanning client medical documents"

---

[3] The schedule for 2019 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914

[4] This amount consists of $473 - $464 = $9 x 0.40 hrs - $3.60.

[5] This amount consists of $159 - $156 = $3 x 2.3 hrs = $6.90.

3

- June 20, 2017 (0.20 hrs) "Receipt of invoice from Vanderbilt Medical Center; work on scanning and saving; review invoice charges; copy to Sherry Fearon for payment"
- July 25, 2017 (0.10 hrs) "Request could not be sent via fax; update provider chart"
- September 25, 2017 (0.30 hrs) "Work on organizing exhibits for filing"
- October 18, 2017 (0.10 hrs) "Save receipt for filing fee to file"
- September 10, 2018 (0.10 hrs) "Submit invoice for payment with office manager"
- March 7, 2019 (0.10 hrs) "Receipt/review and note invoice from Fedex"

ECF No. 36-2 at 2-3, 5, 7-8, and 16.[6]

The undersigned reduces the request for attorneys' fee by **$923.00**, the total amount of the tasks considered administrative.[7]

## II.     Attorney Costs

Petitioner requests compensation of attorneys' costs in the amount of $1,553.27. The undersigned finds the overall amount of costs reasonable and awards the amount requested in full.

## IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $30,942.07[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William E. Cochran, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[9]

---

[6] These are merely examples and not an exhaustive list.

[7] This amount consists of ($148 x 5.3 hrs = $784.40) + ($153 x 0.6 hrs = $91.80) + ($156 x 0.3 hrs = $46.80) = $923.00.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master