# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *     *
JOSEPH MICHAEL D'ANGIOLINI,      *         No. 99-578V
                                 *         Special Master Christian J. Moran
                Petitioner,      *
                                 *         Filed: September 13, 2016
v.                               *
                                 *
SECRETARY OF HEALTH              *         Attorneys' fees and costs;
AND HUMAN SERVICES,              *         Federal Circuit appeal.
                                 *
                Respondent       *
* * * * * * * * * * * * * * * * * *     *
```

Barry W. Krengel, Dolchin, Slotkin & Todd, P.C., Philadelphia, PA, for petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, D.C., for
respondent.

## PUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

Pending before the court is Joseph D'Angiolini's third motion for attorneys'
fees and costs. He is awarded $35,000.00 in attorneys' fees plus $10,866.90 in
costs.

* * * * *

In a matter filed approximately 17 years ago, Mr. D'Angiolini alleged that
the hepatitis B vaccine caused him to suffer chronic fatigue syndrome, systemic
lupus erythematosus, and autoimmune syndrome induced by adjuvants. His first
request for attorneys' fees and costs on an interim basis led to an award of
$206,361.07. First Interim Fee Decision, 2012 WL 3249461 (July 18, 2012). On

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website.
Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any
redactions ordered by the special master will appear in the document posted on the website.

the merits, however, the undersigned issued a decision denying compensation to Mr. D'Angiolini.  Decision, 2014 WL 1678145 (Mar. 27, 2014).

Mr. D'Angiolini filed a motion for review.  The Court of Federal Claims denied the motion for review leading to a judgment adverse to Mr. D'Angiolini. 122 Fed. Cl. 86 (2015).  Mr. D'Angiolini then appealed the Court's judgment to the Federal Circuit.  While Mr. D'Angiolini's appeal was pending, the undersigned issued another decision awarding an additional $160,090.04 for attorneys' fees and costs based upon the parties' stipulation.  Second Interim Fee Decision, 2015 WL 6453040 (Sept. 30, 2015).

The Court's judgment was subsequently upheld by the Federal Circuit in a decision issued pursuant to Rule 36 of the Federal Rules of Appellate Procedure. 645 F. App'x 1002 (Fed. Cir. 2016).  This ended Mr. D'Angiolini's claim for compensation.

On May 31, 2016, petitioner filed the pending motion for final attorneys' fees and costs in the amount of $51,291.90.  The pending motion includes requests for compensation for some work relating to the second application for attorneys' fees and costs but, primarily, seeks compensation relating to the Federal Circuit appeal.  Within the category of Federal Circuit work, most of the attorney time spent was on three activities: the opening brief, the reply brief, and the oral argument.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act, which involves a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

A reasonable amount of fees for the work on the second fee application and Federal Circuit appeal is $35,000.00.  This amount is reduced from the requested

2

amount for various reasons. Some parts of the appellate process proceeded inefficiently (for example, the notice of appeal). If Mr. D'Angiolini's attorney was unfamiliar with the appellate process, he should have charged a lower hourly rate.

More importantly, the two Federal Circuit briefs filed largely repeated arguments made in the motion for review for which petitioner was already compensated. Although the opening brief is approximately 50 pages, only about 11 pages can be considered fresh work. Similarly, the reply brief is approximately 11 pages, but only about six can be considered fresh work. Attorneys are not to be compensated for simple copying and pasting. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).

When these factors are taken into account, a reasonable award for fees is $35,000.00. However, there is no reduction for costs, which are adequately documented. Mr. D'Angiolini is awarded $7,954.15 in attorney costs. Mr. D'Angiolini also documented that his mother, Cindy D'Angiolini, incurred $2,912.75 in costs related to this litigation. These are reasonable as well.

The undersigned finds an award of attorneys' fees and costs appropriate.

**Accordingly, the court awards**:

a. **$42,954.15** representing attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). The award shall be in the form of a check made payable jointly to petitioner and petitioner's attorney, Barry W. Krengel, of Dolchin, Slotkin & Todd, P.C., in the amount of **$42,954.15**; and

b. **$2,912.75**, representing Cindy D'Angiolini's costs. The award shall be in the form of a check made payable to Cindy D'Angiolini for **$2,912.75**.

The clerk of the court shall enter judgment in accordance herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

> s/Christian J. Moran
> Christian J. Moran
> Special Master