# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 09-820V
Filed: December 14, 2016

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| JOHN LIBBY *and* KARLA STONE *as* | |
| *parents and natural guardians of the* | |
| *minor* S.L., | Special Master Gowen |
| | |
| Petitioners, | |
| | Attorneys' Fees and Costs |
| v. | |
| | |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| | |
| * * * * * * * * * * * * * | |

Ronald C. Homer, Conway Homer, P.C., Boston, MA, for petitioners.
Glenn MacLeod, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 25, 2009, John Libby and Karla Stone ("petitioners") filed a petition on behalf of their minor daughter, S.L., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of receiving an influenza ("flu") vaccination on November 28, 2006, S.L. suffered from gross motor regression, speech regression, nystagmus and ataxia, with subsequent aggravating sequelae lasting more than six months. Stipulation ¶ 2, 4. Petitioners later alleged that S.L. suffered a significant aggravation of a pre-existing

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

neurodevelopmental disorder that was due to a genetic mutation, and that she suffered the residual effects of this alleged significant aggravation for more than six months.  Id. at ¶ 4.

Petitioner was represented by Alexander Laufer until August 2014, when Ronald Homer was substituted as counsel.  Before withdrawing as counsel, Mr. Laufer filed a motion for interim attorneys' fees and costs, and a decision awarding interim fees and costs was issued October 21, 2014.  Since the date of Conway Homer's engagement, several expert reports were filed by both sides, and the case was scheduled for an entitlement hearing at the time it was resolved.  On August 23, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and a Decision awarding compensation pursuant to the terms of the stipulation was issued the same day.

On November 18, 2016, petitioners filed an application for attorneys' fees and costs, requesting $84,796.00 in attorneys' fees, $44,754.70 in attorneys' costs, and $4,795.52 in petitioners' costs, for a total fees and costs request of $134,346.22.  Petitioners' ("Pet.") Application ("App.") at 1; General Order #9 Statement.  Respondent filed a response to petitioners' application on November 29, 2016, stating that "[r]espondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs in this case."  Respondent's ("Resp.") Response at 3.  Petitioner did not file a reply.  This matter is now ripe for adjudication.

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his

experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i. Hourly Rates

Petitioners request the following hourly rates for 2014 through 2016:

Christina Ciampolillo: $300
Nicole Caplan: $200
Sylvia Chin-Caplan: $400
Meredith Daniels: $280
Lauren Faga: $265
Ronald Homer: $400
Joseph Pepper: $290
Paralegals: $135

See generally Pet. App., Tab A. The issue of reasonable 2014-2015 forum rates for the Conway, Homer & Chin-Caplan firm was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The requested rates are consistent with the rates awarded in McCulloch, and the undersigned finds them reasonable. See McCulloch, 2015 WL 5634323, at *21.

### ii. Hours Expended

Petitioners request compensation for 116.30 hours of work performed by Ms. Ciampolillo (4 of which were for travel and were appropriately billed at ½ rate), 1.80 hours for Ms. Caplan, 50.10 hours for Ms. Chin Caplan, .30 hours for Ms. Daniels, .20 hours for Ms. Faga, 7.30 hours for Mr. Homer, .10 hours for Mr. Pepper, and 198 hours for paralegals. See Pet. App., Tab A at 45. On review of the billing record, the undersigned finds the hours expended reasonable.

### b. Costs

Petitioner requests a total of $44,754.70 in attorneys' costs, and $4,795.52 in petitioners' costs. Pet. App. at 1; Pet. App., Tab A at 45. The requested attorneys' costs consist primarily of medical record fees, the cost of obtaining expert reports, and a life care plan site visit and report. Pet. App., Tab A, at 42-45; Pet. App., Tab B. The requested petitioners' costs consist primarily of an amount paid to a life care planner in 2012[3] and legal fees for establishing a guardianship. See Pet. App., Tab C. The undersigned finds these requested costs reasonable.

## II. Conclusion

---

[3] Though this cost was incurred prior to the interim fee award issued in October 2014, it was not compensated at that time. See Pet. Mot. for Interim Attorneys' Fees and Costs, Tab C.

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total of $134,346.22 reasonable.

The undersigned awards attorneys' fees and costs as follows:

(1) **A lump sum of $129,550.70 in the form of a check payable jointly to petitioners and petitioners' counsel of record, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C., for attorneys' fees and costs.**

(2) **A lump sum of $4,795.52 in the form of a check payable to petitioners, for petitioners' costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.