# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 25, 2019

```
* * * * * * * * * * * * *
THOMAS PRESTIA,                    *        No. 17-013V
                                   *
        Petitioner,                *        Special Master Sanders
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *        Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
        Respondent.                *
* * * * * * * * * * * * *
```

Shealene P. Mancuso, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Jay M. All, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 4, 2017, Thomas Prestia ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") in his right shoulder as a result of a flu vaccination he received on September 29, 2015. Pet. at 1, ECF No. 1. On June 13, 2018, Petitioner filed a motion to voluntarily dismiss his petition, and on June 14, 2018, the undersigned issued her Decision dismissing the petition for insufficient proof. ECF No. 39.

On January 14, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 43 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $23,644.35

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(representing $22,305.00 in fees and $1,339.35 in costs). Fees App. at 2. Pursuant to General Order No. 9, Petitioner has stated that he has not incurred any out-of-pocket costs in pursuit of his claim. *Id*. Respondent responded to the motion on January 28, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 44). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for special masters to award "reasonable attorneys' fees, and other costs[.]" § 300aa–15(e)(1)(A)–(B). Petitioners may recover reasonable attorneys' fees and costs even if they are unsuccessful if "the special master determines that the petition was brought in good faith and there was a reasonable basis[.]" 42 U.S.C. § 300aa–15(e)(1); *see also Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id*.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice

and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, Special Masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates of compensation for his attorneys: for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017 and $250.00 per hour for work performed in 2018 and 2019; for Mr. Maximillian Muller, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018; for Mr. Paul Brazil, $300.00 per hour for work performed in 2017; and for Ms. Amy Senerth, $225.00 per hour for work performed in 2017. Fees App. at 1. Petitioner also requests $125.00 per hour for all paralegal work performed.

The rates requested for Mr. Muller, Mr. Brazil, Ms. Senerth, and paralegals are consistent with what counsel have requested and been awarded in previous Vaccine Program cases by the undersigned and other special masters. *See e.g.*, *Curry v. Sec'y of Health & Human Servs.*, No. 16-68V, 2018 WL 3991228, at \*1 (Fed. Cl. Spec. Mstr. Jul. 10, 2018); *Lee v. Sec'y of Health & Human Servs.*, No. 15-823V, 2018 WL 4403970, at \*1 (Fed. Cl. Spec. Mstr. Aug. 22, 2018). However, Ms. Mancuso's requested rates require an adjustment. Other special masters have previously found that $250.00 per hour is too high for Ms. Mancuso's work in 2018 because it exceeds the maximum prescribed amount for attorneys with less than four years of experience. *Hyatt v. Sec'y of Health & Human Servs.*, No. 17-650V, 2018 WL 4611618, at \*1 (Fed. Cl. Spec.

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, No. 09-293V, 2015 WL 5634323.

Mstr. Jun. 22, 2018). Consistent with the decision in *Hyatt*, the undersigned shall compensate Ms. Mancuso at the rate of $233.00 per hour for her work in 2018. For her work in 2019, the undersigned finds that $250.00 is a reasonable rate and consistent with what Ms. Mancuso has been awarded previously. *See Martin v. Sec'y of Health & Human Servs.*, No. 17-619V, slip op. at 3-4 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). This results in a reduction of **$231.20**.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the hours billed appear to be high, thus warranting a reduction. First, there are issues with individual entries. For example, Mr. Muller billed 0.4 hours to "[o]pen client file" without further describing what work was actually being performed. Fees App. at 6. Paralegals routinely billed 0.3 hours to prepare *pro forma* documents such as Notices of Filing and billed an additional 0.3 hours to file said documents. *Id.* at 10–11. Time was also billed on administrative tasks such as processing invoices. *Id.*

Second, and more generally, Ms. Mancuso by and large appeared to view 0.2 hours as the minimum amount of time to complete any task. *See generally* Fees App. This general issue has previously been noted of Muller Brazil attorneys and paralegals by the undersigned and other special masters. *See, e.g.*, *Meadows v. Sec'y of Health & Human Servs.*, No. 16-861V, 2018 WL 6292565, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2018); *Plescia v. Sec'y of Health & Human Servs.*, No. 15-1472V, 2018 WL 6291870, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). Similar to the issue noted in *Plescia*, it is very unlikely in the undersigned's experience that Ms. Mancuso expended at least 0.2 hours on every instance of correspondence (both phone calls and e-mail) in this case. Nor is it likely that the task of "[d]irect paralegal activity re: filing" took 0.2 hours to do.

Accordingly, the undersigned shall reduce the requested amount of attorneys' fees by 10% to adjust for these issues. This results in a reduction of **$2,207.38**.[4]

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,339.35 in costs, covering the cost of medical records, the Court's filing fee, and travel costs to attend a fact hearing in this matter. Fees App. at 14. Petitioner has provided adequate documentation for all these costs, and the undersigned finds them all to be reasonable. Accordingly, Petitioner is entitled to a full reimbursement of costs, i.e., **$1,339.35**.

## II.  Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[4] (Requested fees of $22,305.00 - $231.20 for rate adjustment) * 0.1 = $2,207.38.

| | |
|---|---|
| Attorneys' Fees Requested | $22,305.00 |
| (Reduction to Fees) | - ($2,438.58) |
| **Total Attorneys' Fees Awarded** | **$19,866.42** |
| | |
| Attorneys' Costs Requested | $1,339.35 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,339.35** |
| | |
| **Total Amount Awarded** | **$21,205.77** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Accordingly, the undersigned hereby awards **a total of $21,205.77 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Shealene Mancuso, of Muller Brazil, LLP, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).