# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0296V
### Filed: May 30, 2019
UNPUBLISHED

EKATERINA KOVTUN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Glen Howard Sturtevant, Jr., Rawls Law Group, Richmond, VA, for petitioner.*
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for*
*respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On February 27, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered injuries, described as " debilitating pain, restricted range of motion, and adhesive capsulitis of her left shoulder and arm" caused-in-fact by the tetanus, diphtheria, and acellular pertussis ("Tdap") she received on November 9, 2016.  Petition at 1.  On March 11, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  ECF No. 26.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 25, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 31. Petitioner requests attorneys' fees in the amount of $25,125.00 and attorneys' costs in the amount of $1,356.17. *Id.* at 4. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 31-3 at 2. Thus, the total amount requested is $26,481.17.

On May 9, 2019, respondent filed a response to petitioner's motion. ECF No. 33. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorneys' Fees

### A. Hourly Rates

#### i. Glen Sturtevant

Petitioner requests the following rates for attorney Glen Sturtevant; $315 per hour for work performed in 2017, $326 per hour for work performed in 2018 and $349 per hour for work performed in 2019. The rates for 2017 and 2018 have been previously awarded to Mr. Sturtevant and are awarded here in.

Although Mr. Sturtevant's requested rate of $349 for 2019 is within the appropriate experience range, his inexperience in practicing in the Vaccine Program warrants a reduction of his requested rates.[3] *McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. Mr. Sturtevant lacks the experience in the Vaccine Program to support the requested rate. Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Sturtevant's requested hourly rate for 2019 is reduced to $339. This reduced the request for attorneys' fees in the amount of **$78.00**.

#### ii. Paralegal Rates

The paralegals of Rawls law group billed at a rate of $145 per hour for 2017 and $152 per hour for 2019. These rates have been previously awarded to the paralegals are awarded herein. The requested rate of $159 for 2019 exceeds the range for paralegals for 2019. The undersigned reduced the paralegal rate for 2019 to $156 per hour, reducing the request for attorneys' fees in the amount of **$32.10**.[4]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the

---

[3] For 2019, Mr. Sturtevant's experience range is within the attorneys' with 11 – 19 years experience ($324 - $405 per hour).

[4] This amount consists of $159 - $156 = $3 x 10.7 hrs = $32.10.

attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 6.1 hours was billed by paralegals on tasks considered administrative including, preparing the file, receiving documents, and organizing records. The undersigned reduces the request for attorneys' fees by **$909.00**,[5] the total of the tasks considered administrative.

### III.     Attorneys' Costs

Petitioner requests reimbursement for attorneys' costs in the amount of $1,356.17. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorneys' costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $25,462.07[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Glen Howard Sturtevant, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount consists of (2.6 hrs x $145 = $377) + (3.5 hrs x $152 = $532) = $909.00.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.