# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-1315V
### (not to be published)

PENNY CULP,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: April 24, 2020

Special Processing Unit (SPU); Attorney's Fees and Costs

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 28, 2018, Penny Culp filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her receipt of an influenza vaccine in her left deltoid on September 12, 2017, caused her to suffer an on-Table shoulder injury related to vaccine administration. (Petition at 1). On August 22, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 30).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorney's fees and costs, dated February 18, 2020 (ECF No. 37), then amended the motion on March 21, 2020 (ECF No. 40), requesting a total award of $26,210.28 (representing $24,232.20 in fees and $1,978.08 in costs).[3] In accordance with General Order #9 Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 37 at 2). Respondent reacted to the motion on March 3, 2020 representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion in determining the amount to be awarded. (ECF No. 38). The same day Petitioner filed a reply requesting the fees and costs be awarded in full. (ECF No. 39). Respondent did not file a response to Petitioner's amended motion for fees and costs.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's

---

[3] Petitioner's counsel filed their original motion on February 21, 2020 (ECF No. 37). The amended motion was intended to correct attorney Summer Abel's hourly rate from $265 per hour to $295 per hour for time billed in 2010. (ECF No. 40 at 1).

fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests the following rates of compensation for the work of his attorneys: Leah Durant, $365 per hour for 2017, $377 for time billed in 2018, and $380 for time billed in 2020, and for Summer Abel, the rate of $285 for time billed in 2019. (ECF No. 60-1 at 20). Petitioner also requests rates ranging from $145.00 per hour to $150 per hour for paralegal work, depending on the individual paralegal and the year of the work. (*Id*). The rates requested for Ms. Durant and the paralegals are consistent with what has been awarded for their work in the Vaccine Program. Accordingly, no adjustment to the requested rates is necessary.

The rate requested for Ms. Abel, however, warrants some reduction. Ms. Abel has been a licensed attorney since 2015, placing her in the range of attorneys with 4-7 years' experience (based on OSM's rate schedules) for time billed in 2019. (ECF No. 40-3 at 1). Although the specific requested rate for Ms. Abel work is within the appropriate experience range, it is on the high end of the range for an attorney with her limited experience in the Vaccine Program.[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Based on my experience and the *McCulloch* factors as applied to Ms. Abel, a rate of $250 is more appropriate for her time billed in 2019. This reduces the request for attorney fees by **$297.50**.[5] I otherwise find that all time billed to this matter should be awarded.

---

[4] This appears to be Ms. Abel's first case in the Vaccine Program where her hourly rates will be set.

[5] This amount consists of $285 - $250 = $35 x 8.5 hrs = $297.50.

## ATTORNEY COSTS

Petitioner requests $1,978.08 in overall costs. (ECF No. 40). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$25,912.78** (representing $23,934.70 in attorney's fees and $1,978.08 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.