# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0870V
(not to be published)

|  |  |
|---|---|
| BILLY R. DEHART,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: January 8, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*David Lee Wallace, Deridder, LA,* for Petitioner.

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 26, 2017, Billy Dehart filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on September 22, 2014. (Petition at 1). On April 13, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 60).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 10, 2020 (ECF No. 68), requesting a total award of $32,962.00 (representing $31,050.00 in fees and $1,912.00 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 68-5). Respondent reacted to the motion on December 16, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring calculation of the amount to be awarded to my discretion. (ECF No. 69). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests $450 per hour for all time billed by attorney David L. Wallace from 2015 to 2020. (ECF No. 68-2). Mr. Wallace has been a licensed attorney in Louisiana since 1979. (Id). This places him in the range of attorneys with over 31 years of experience. (ECF No. 42 at 1). The requested rate is within the Vaccine Program's published range for attorneys at his level of overall experience for the years 2018 - 2020, albeit on the highest end of the range.[3] However, Mr. Wallace does not have significant demonstrated Vaccine Act experience, with this matter being his first Program case. In addition, counsel should not receive a single rate for all work performed over a multi-year time period.

It is therefore improper for Mr. Wallace to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Accordingly, I find it reasonable to reduce Mr. Wallace's requested hourly rates to the following:

- $385 for time billed in 2015 – 2016;
- $400 for time billed in 2017;
- $410 for time billed in 2018;
- $425 for time billed in 2019 and;
- $440 for time billed in 2020.

This reduces the amount to be awarded by the sum of **$2,535.00**.[4]

### B. Paralegal Tasks at Attorney Rates

---

[3] These rates are derived from application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as follows: ($450 - $385 = $65 x .75 hrs = $48.75) + ($450 - $400 = $ 50 x 10.50 hrs = $525) + ($450 - $410 = $40 x 35.75 hrs = $1,430.00) + ($450 - $425 = $25 x 19.75 hrs = $493.75) + ($450 - $440 = $10 x 3.75 hrs = $37.50) = $2,535.00.

Upon review of the billing invoices it appears that there are several hours of time that Mr. Wallace billed on tasks that would be considered paralegal in nature. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See,* e.g*., Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

A few illustrative examples of such entries include the following:

- July 7, 2017 (0.25 hrs) "Update exhibit list";

- February 21, 2018 (0.25 hrs) "Correspondence to Rosepine Retirement for records";

- February 21, 2018 (0.25 hrs) "Correspondence to Dr. Kwok for records";

- February 22, 2018 (0.25 hrs) "Filing notice of intent to stay in program";

- March 5, 2018 (1.5 hrs) "Additional exhibit list prepared and submitted"; and

- November 28, 2018 (0.50 hrs) "Filing of updated exhibit list."

(ECF No. 68-1 at 1-2).

I shall award the rate of $135 per hour for work performed on all tasks considered paralegal. This reduces the fees to be awarded by the amount of **$1,163.75**.[5] All other time billed to the matter will be compensated.

---

[5] This amount is calculated as follows: ($400 -$135 = $265 x 0.50 hrs = $132.50) + ($410 - $135 = $275 x 3.75 hrs = $1,031.25) = $1,163.75.

## ATTORNEY COSTS

Petitioner requests $1,921.04 in overall costs. (ECF No. 42-1 at 35). This amount is comprised of the cost for bar admission to the Court of Federal Claims, medical records and expert fees. All are reasonable -with the exception of the $281.00 charge associated with "Clerk of the U.S. Court of Federal Claims". (ECF No. 68-4 at 4). The cost for admission to the Court of Federal Claims is not reimbursable in the Vaccine Program, and the requests for these costs is denied. Costs to be awarded are thus reduced by **$281.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$28,982.25** (representing $27,351.25 in fees and $1631.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.