# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 20, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

TRISTEN HORTON,                 \*

                       \*       No. 19-262V

         Petitioner,        \*

                       \*       Special Master Sanders

v.                      \*

                       \*

SECRETARY OF HEALTH     \*       Attorneys' Fees and Costs

AND HUMAN SERVICES,     \*

                       \*

         Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

*Andrew D. Downing*, Van Cott & Talamente, PLLC, Phoenix, AZ, for Petitioner.
*Nancy Tinch*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 15, 2019, Tristen Horton ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. § 300aa-10 et seq. (2012). Petitioner alleged that the human papillomavirus ("HPV") vaccine he received on September 20, 2017, caused him to develop aplastic anemia. Pet. at 1, ECF No. 1. On September 9, 2021, Petitioner filed an unopposed motion to dismiss indicating that he would like to opt out of the Vaccine Program to pursue third party litigation against the vaccine manufacturer directly. Pet'r's Mot. to Dismiss at 2, ECF No. 57. I dismissed Petitioner's case on October 27, 2021. Decision, ECF No. 58.

On November 11, 2021, Petitioner filed a motion for final attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 62. Petitioner requests total attorneys' fees and costs in the amount of **$54,914.96**, representing

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**$19,227.50** in attorneys' fees and **$35,687.46** in attorneys' costs.[3] *Id.* at 4. Pursuant to General Order No. 9, Petitioner has indicated that he has not incurred any personal expenses as a result of this claim. *Id.* at 5. Respondent filed his response on November 18, 2021, stating that Respondent "defers to the special master on whether the statutory requirements for an award of attorneys' fees and costs are met in this case . . . [and] request[ing] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3, ECF No. 64. Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

## I.    A Final Fees Award is Appropriate

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. At a minimum, such a claim must be shown to have: (1) possessed reasonable basis; and (2) have been brought in good faith. *See, e.g.*, *Chuisano v. Sec'y of Health & Hum. Servs.,* 116 Fed. Cl, 276, 284 (2014). Reasonable basis is an objective inquiry while good faith is a subjective inquiry. *Id.* at 289.

Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.,* 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)); *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

An analysis of reasonable basis requires more than just a petitioner's belief in her claim. *Turner,* 2007 WL 4410030, at *6–7. Instead, the claim must at least be supported by objective evidence – medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015). A reasonable basis determination is based on a totality of the circumstances inquiry that can be satisfied by reviewing the factual, medical, and jurisdictional support for a claim.[4] *See Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344–45 (Fed. Cir. 2020); *Chuisano*, 116 Fed. Cl. at 288. The amount of objective evidence that satisfies reasonable basis is more than a scintilla of evidence but less than preponderant evidence. *Cottingham*, 971 F.3d at 1344–45 (clarifying that "the failure to consider objective evidence presented in support of a reasonable basis for a claim would constitute an abuse of discretion."). Thus, petitioners must offer more than an unsupported assertion that a vaccine caused the injury alleged. *See, e.g.*, *Cortez v. Sec'y of Health & Hum. Servs.*, No. 09-176V, 2014 WL 1604002, at *5 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *McKellar v. Sec'y of Health & Hum. Servs.,* 101 Fed. Cl. 297, 303–04 (2011). Objective medical evidence, including medical records even where the records provide only circumstantial evidence of causation, can support a showing of reasonable basis. *Cottingham,* 971 F.3d at 1346. Further, "absence of an express medical opinion on causation is not necessarily dispositive of whether a claim has reasonable basis." *James-Cornelius v. Sec'y of Health & Hum. Servs.,* 984 F.3d 1374, 1379 (Fed. Cir. 2021)

---

[3] Petitioner was awarded interim attorneys' fees and costs in June of 2021 in the amount of $59,952.56 for his previous counsel, Ms. Anne Toale. ECF No. 50.

[4] The jurisdictional support for Petitioner's claim is not at issue in this case and therefore will not be addressed.

(citing *Cottingham,* 971 F.3d at 1346).

Here, I find Petitioner's claim had a sufficient basis to entitle his counsel to a fee award under applicable reasonable basis and good faith standards. Claims that vaccines can cause aplastic anemia are not novel in the Program and have facial credibility. *See, e.g.*, *Briggs v. Sec'y of Health & Hum. Servs.,* No. 15-737V, 2019 WL 7288769, at *1 (Fed. Cl. Spec. Mstr. Dec. 2, 2019) (wherein the parties stipulated to an award of compensation for a petitioner's claim involving the meningococcal vaccine and the injury of aplastic anemia). Petitioners who have brought unsuccessful claims concerning the same injury have been awarded fees. *See, e.g.*, *Calixto v. Sec'y of Health & Hum. Servs.,* No. 14-1029V, 2016 WL 489903 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (awarding fees after the petitioners moved for the dismissal of their aplastic anemia claim). In this case, even though Petitioner moved for a dismissal of his claim, and it was therefore ultimately unsuccessful, it was supported by two expert opinions and medical literature on causation, which were relevant and well-reasoned. *See, e.g.*, *Otto v. Sec'y of Health & Hum. Servs.*, No. 16-1144V, 2020 WL 4719285, at *4 (Fed. Cl. Spec. Mstr. June 17, 2020) (awarding attorneys' fees and costs for an unsuccessful claim that was still supported by an expert opinion and relevant medical literature). As such, there was sufficient evidence in the record to support bringing the claim and seeing it through to its dismissal. Respondent does not otherwise contest reasonable basis or good faith and merely left such a finding up to my discretion. Accordingly, I will award final attorneys' fees and costs even though the claim ultimately could not be substantiated.

## II.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 can be accessed online.[5]

Petitioner requests the following hourly rates for the work of his counsel, Mr. Andrew Downing: $385.00 per hour for work performed in 2020–2021; for Ms. Courtney Van Cott, $275.00 per hour; and a rate of $135.00 per hour for work performed by a paralegal during the same time period. *See* Pet'r's Mot. for AFC, Ex. A at 1–10, ECF No. 62-1. The rates requested are consistent with what Mr. Downing, Ms. Van Cott, and their staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein. *See, e.g.*, *Olschansky v. Sec'y of Health & Hum. Servs.,* No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020).

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. In exercising their discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours). Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed. However, I find a slight reduction is necessary due to time billed by Mr. Downing's paralegal for administrative tasks, including the organization of the case materials, the preparation and filing of documents, and the review of the Court's CM/ECF notifications. *See* Pet'r's Mot. for AFC, Ex. A at 6–10; *see also McCulloch,* 2015 WL 5634323, at *26. These issues have previously been raised with the Van Cott & Talamante

---

[5] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

firm. *See Sheridan v. Sec'y of Health & Hum. Servs.,* No. 17-699V, 2019 WL 948371, at *2–3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Hum. Servs.,* No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). I find this results in a total reasonable reduction of approximately 3.5 hours or $472.50. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$18,755.00**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$35,687.46** in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and expert fees. Pet'r's Mot. for AFC at 4. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. *See* Pet'r's Mot. for AFC, Ex. A at 11–17. Accordingly, Petitioner is awarded the full amount of costs sought.

### III.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for final fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Final Attorneys' Fees Requested | $19,227.50 |
| (Reduction to Fees) | -$472.50 |
| **Final Attorneys' Fees Awarded** | **$18,755.00** |
| | |
| Final Attorneys' Costs Requested | $35,687.46 |
| (Reduction of Costs) | - |
| **Final Attorneys' Costs Awarded** | **$35,687.46** |
| | |
| **Final Attorneys' Fees and Costs** | **$54,442.46** |

Accordingly, I award a lump sum in the amount of **$54.442.46** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Andrew Downing, for final attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.