# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 25, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *        UNPUBLISHED
JAMES CLARK,                              *     No. 18-813V
                                         *     Special Master Horner
               Petitioner,                *
                                         *
v.                                       *
                                         *
SECRETARY OF HEALTH                       *     Attorneys' Fees and Costs
AND HUMAN SERVICES,                       *
                                         *
               Respondent.                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Caryn S. Fennell*, Caryn S, Fennell, Woodstock, GA, for Petitioner.
*Traci R. Patton*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 8, 2018, petitioner, James Clark, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that his receipt of a Hepatitis B vaccination on February 17, 2017, caused a left shoulder injury. (ECF No. 1.). On February 7, 2022, I filed my decision finding petitioner is not entitled to compensation. (ECF No. 61).

On August 5, 2022, petitioner filed an application for attorneys' fees and costs. (ECF No. 67) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $48,586.83, representing $35,713.39 in attorneys' fees, $12,608.83 in costs, and $264.61 in costs personally incurred by petitioner.[3] Fees App. Ex. 1 at 3. Pursuant to General Order No. 9, counsel for

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755

[3] The fees motion notes a total requested amount of $48,851.44. Fees App. at 1. However, the invoices reflect the total amount to be $48,586.83. Fees App. Ex. 3 at 14. The undersigned will interpret that amount to be the correct one.

petitioner represents that petitioner personally incurred expenses in the amount of $264.61. Id. Respondent filed a response on August 19, 2022, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 68). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the rate of $320.00 per hour compensation for his attorney, Ms. Caryn Fennell. Ms. Fennell has previously awarded the rate of $290.00 per hour for time billed in 2017. *See Fennell v. Sec'y of Health & Human Servs.,* 16-413V, 2018 WL 1835214 (Fed. Cl. Spec. Mstr. Feb. 13, 2018). The undersigned shall reduce the time billed in 2017 to the previously awarded rate of $290.00, reducing the request of fees by $12.00. The remainder of the requested hourly rates are reasonable and shall be awarded herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable, however a small reduction is necessary for time billed on tasks considered administrative, including scanning, printing and sorting documents. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). I will reduce the request for fees by $490.00, the amount billed for time considered administrative. Petitioner is therefore awarded final attorneys' fees of $35,211.39.

### c. Attorneys' Costs

Petitioner requests a total of $12,608.83 in attorneys' costs. This amount is comprised of acquiring medical records, acquiring medical literature, postage, and expert work performed by Dr. David Axelrod. At the time petitioner filed his motion for attorneys' costs, petitioner's motion included a list of the claimed expenses but contained no documentation supporting them. Accordingly, the undersigned ordered petitioner to file adequate supporting documentation. Order dated July 18, 2023, ECF No. 70. On July 20, 2023, Petitioner filed a Notice of Filing Proof of Costs. I have reviewed the submitted documentation and find the requested attorneys' costs to be reasonable and shall fully reimburse them.

Additionally, petitioner personally incurred $264.61 in costs for acquisition of medical records. Supporting documentation was submitted in support of this request and petitioner shall be awarded these costs in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows:

1) **a lump sum in the amount of $47,820.22, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Ms. Caryn Fennell; and**

2) **a lump sum payment in the amount of $264.61, representing out of pocket costs incurred personally by petitioner, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).